## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **YVONNE BROWN** </br>c/o her attorneys Tittle & Perlmuter</br>4106 Bridge Avenue</br>Cleveland, OH  44113</br></br>On behalf of herself and all others similarly situated,</br></br>    Plaintiff,</br> v.</br></br>**DMD MANAGEMENT, INC. dba LEGACY HEALTH SERVICES**</br>c/o its Statutory Agent</br>Eliav Sharvit</br>12380 Plaza Drive</br>Parma, Ohio 44130</br></br>    Defendant. | CASE NO. 1:24-cv-00140</br></br>JUDGE DAN A. POLSTER</br></br>**PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW WITH JURY DEMAND** |

Plaintiff Yvonne Brown, through counsel, for her Class and Collective Action Complaint against Defendant DMD Management, Inc. dba Legacy Health Services ("Defendant"), states and alleges as follows:

### INTRODUCTION

1. This case challenges Defendant's timekeeping and pay practices by which it willfully violated its employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio's Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"), and Ohio's common law of unjust enrichment.

2. Plaintiff brings this case under the FLSA, pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained

against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other members of a class of persons, defined herein below, who assert factually-related claims under the OMFWSA and/or Ohio's common law of unjust enrichment (the "Class Members").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered and therefore resides in this district and division, and Defendant has conducted continuous business at various nursing facilities within the territorial jurisdiction of this Court, including that facility at which Plaintiff worked. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Yvonne Brown was a citizen of the United States and an Ohio resident and, as described below, an employee of Defendant, working at Defendant's skilled nursing and long-term care facility known as Pleasant Lake Villa located in Parma, Ohio.

**<u>Defendant's Joint Enterprise of Nursing Home Ownership/Operation and Formation of an Integrated Enterprise</u>**

8. Defendant, a company headquartered in Parma, Ohio, operates an integrated business enterprise consisting of 28 skilled nursing, long term care, respite care, assisted living, independent living, and/or rehabilitation centers throughout Ohio ("LHS Facilities"), including Pleasant Lake Villa.

9. Defendant's website boasts that it "serves Ohio with 28 locations" as "one of the oldest and most established owner operator chains in the state" as depicted below:



10. Defendant controls and oversees operations, day-to-day functions, and labor relations at all LHS Facilities, including the hiring and firing, relevant pay practices, as well as daily supervision, of all employees at all LHS Facilities.

11. Defendant was an "employer" of Plaintiff and all non-exempt employees at LHS Facilities within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2),

3

because it promulgated, published, and enforced the policies governing the working conditions and pay practices for those employees, including the employees at Pleasant Lake Villa.

12. For instance, Defendant:

    (a) Issued the employee handbooks governing the day-to-day operations at all LHS Facilities;

    (b) Implemented and oversaw across all LHS Facilities the meal break deduction practice at issue in this case; and

    (c) Maintained employment records for employees across LHS Facilities.

13. Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendant's Employment of Plaintiff, the Potential Opt-Ins, and the Class Members**

14. Plaintiff was employed by Defendant from October 2022 through May 2023 as a Licensed Practical Nurse ("LPN") a position that was paid on an hourly basis and was non-exempt from overtime pay.

15. The employment of Plaintiff, just like all non-exempt employees of Defendant, was entered into and consummated without a written contract.

16. The FLSA and Ohio law required Defendant to pay its non-exempt employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

17. Additionally, under the FLSA and Ohio law, an "employee must be completely relieved from duty" for a "meal period" to be non-compensable. 28 C.F.R. § 785.19(a). A meal

break is not considered a bona fide meal period if the employee "is required to perform any duties, whether active or inactive, while [on break]." *Id.*

18. By companywide policy, Defendant required hourly employees to clock out for meal breaks, whether taken or not.

19. If employees did not clock out for breaks, Defendant regularly edited time records to enter breaks without regard to whether the breaks were actually taken.

20. For shifts over 5 hours and less than 8 hours, a half-hour meal break deduction was taken whether or not the employee actually was permitted an uninterrupted meal break. For shifts 8 hours or longer, a one-hour meal break deduction was taken whether or not the employee actually was permitted an uninterrupted meal break.

21. Defendant routinely fail to staff the LHS Facilities with sufficient employees to permit those working to take an uninterrupted meal break every shift.

22. Thus, if employees at LHS Facilities had taken bona fide meal breaks, Defendant's non-exempt employees would have left patients without the number of providers covering their care required by law.

23. Moreover, Defendant regularly schedule employees, including Plaintiff Yvonne Brown, to work 40 hours or more per workweek.

24. As a result of practices such as those above, Defendant knowingly deprived Plaintiff and similarly-situated non-exempt employees of regular and overtime pay.

25. Plaintiff and similarly-situated employees frequently worked forty or more hours per workweek on the clock, and thus, absent Defendant's failure to pay for all hours worked including by the practices described in Paragraphs 18 to 24, would have received overtime compensation, or additional overtime compensation.

**The Willfulness of Defendants' Violations**

26. Defendant knew that Plaintiff, the Potential Opt-Ins, and the Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

27. Defendant intentionally and willfully circumvented the requirements of the FLSA and state law. Defendant designed its scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

28. Defendant knew that employees were regularly and routinely working off-the-clock, and intentionally failed to establish a reasonable process for reporting missed meals and/or compensating employees for missed meals.

29. With actual knowledge that non-exempt employees were required to work through meals, Defendant persisted with a policy of daily deductions of meal breaks, even where breaks were not taken.

30. Indeed, Defendant was recently sued for failing to compensate its employees for meal breaks through which employees worked in *Alisa Spencer v. DMD Management, Inc. d/b/a/ Legacy Health Services*, N.D. Ohio Case No. 1:21-cv-01698 in front of Judge Christopher Boyko.

31. Prior to, and for much of the *Spencer* litigation, Defendant's meal break policy consisted of an automatic meal break deduction, without regard to whether non-exempt employees actually took a meal break.

32. The *Spencer* case was resolved in March 2023 via settlement.

33. Defendant purported to remedy its illegal meal break practice by, as stated above, mandating that employees clock out for meal breaks, whether or not one is taken. However, that purported remedy was a farce, and even since this change in practice, employees were regularly docked a half-hour for a meal break whether or not one was taken.

34. In fact, on October 14, 2023, Broadview Multicare employee/FLSA Opt-In Lareka Johnson attempted to address Defendant's unlawful pay practices with Melanie Mays, Defendant's Human Resources Director and head of payroll services for all facilities, with the following e-mail:



35. In response to that email, Ms. Mays called Lareka Johnson on the phone, reiterated the mandate that she clock out for meal breaks whether or not she took a break, and told Ms.

7

Johnson that she would be disciplined if she continued to not clock out for a meal break, whether or not one was actually taken.

36. Plaintiff Yvonne Brown likewise reported to her superiors that meal breaks were being deducted on days where she took no break and did not clock out for one. Her complaint was similarly disregarded.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

39. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt patient care staff at one of Defendant's LHS Facilities who (a) did not opt into the *Spencer* litigation, or (b) who worked for Defendant after the Effective Date of the *Spencer* settlement, and who worked one or more forty-hour workweeks during the period three years preceding the commencement of this action to the present.

40. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's unlawful timekeeping and payroll practices, and all have the same claims against Defendant for unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

8

41. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

42. Upon information and belief, the number of similarly-situated persons exceeds 500 persons.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff also brings this case on behalf of herself and other members a proposed class pursuant to FED. R. CIV. P. 23.

45. The "Ohio Law Class" is defined as:

> All non-exempt patient care staff at one of Defendant's LHS Facilities who (a) did not opt into in the *Spencer* litigation, or (b) worked for Defendant after the Effective Date of the Spencer settlement, and worked any shift over 5 hours at any of the LHS Facilities during the period four years preceding the commencement of this action to the present.

46. The Ohio Law Class is so numerous that joinder of all Class Members in either class is impracticable. Plaintiff avers, upon information and belief, that each class totals more than 500 employees of Defendant. The number of Class Members, as well as their identities, are ascertainable from records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

47. Questions of law or fact common to the Class Members predominate, including but not limited to:

> a) Whether Defendant required Plaintiff and other Class Members to perform unpaid work during their unpaid meal breaks.

  b) Whether Defendant knew or should have known that Plaintiff and the other Class Members were working off-the-clock, but still failed to pay them.

  c) Whether it would be inequitable to retain the benefit of the work of Plaintiff and the other Class Members without compensation.

48. Plaintiff's claims are typical of the claims of other members of the Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

49. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

50. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

52.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

54.     The FLSA required Defendant to pay its non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

55.     Defendant failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek.  As more fully described above, Defendant, in violation of law, required them to perform unpaid work off-the-clock, including during their unpaid meal breaks.

56.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

57.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Unjust Enrichment)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

60. Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation.

61. Defendant intentionally designed its compensation structure so as to obtain that benefit.

## COUNT THREE
### (Ohio Minimum Fair Wages Standards Act)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiff brings this claim for violation of the OMFWSA on behalf of herself and the OMFWSA Class members.

64. At all times relevant, Plaintiff and others similarly situated were "employees" within the meaning of the OMFWSA.

65. At all times relevant, Defendant was an employer covered by the OMFWSA.

66. The OMFWSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty in a workweek.

67. At all relevant times, Defendant employed Plaintiff and similarly-situated employees as non-exempt.

68. Plaintiff and similarly-situated employees regularly worked 40 or more hours per workweek.

69. As non-exempt employees, Plaintiff and similarly-situated employees should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

70. Defendant violated the OMFWSA with respect to the Plaintiff and similarly-situated employees by failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy of deducting a 30-minute meal break deduction from the Plaintiff's and similarly-situated employees' daily work hours for meal breaks that were not taken at all or meal breaks that were interrupted by work duties.

67. Defendant's violations of the OMFWSA injured Plaintiff and similarly-situated employees in that they did not receive overtime compensation due to them pursuant to that statute. Accordingly, Plaintiff and similarly-situated employees are entitled to their unpaid overtime compensation, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other members of the Ohio Law Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their

      unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.     Award compensatory damages to Plaintiff and the Class Members in the amount of their unpaid wages;

F.     Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Kathleen Harris (0088079)
4106 Bridge Avenue
Cleveland, OH  44113
216-222-2222
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

14

/s/Scott D. Perlmuter
SCOTT D. PERLMUTER (0082856)